T.C. Memo. 2003-2


UNITED STATES TAX COURT



JENNIFER L. RUSLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6599-01.                   Filed January 7, 2003.


Jennifer L. Rusley, pro se.

<u>William W. Kiessling</u>, for respondent.



MEMORANDUM OPINION


WOLFE, <u>Special Trial Judge</u>:  This matter is before the Court on petitioner's motion for an award of administrative costs, filed pursuant to section 7430 and Rules 230 through 233.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner timely filed her 1998 Federal income tax return (return), reporting $14,379 of income and $6,918 of employment-related expenses. Petitioner reported her income, including her W-2, Wage and Tax Statement, income from USA Mobile, and also her employment-related expenses on Form 1040, Schedule C, Profit or Loss From Business, (Schedule C). She did not report her W-2 income on line 7 of Form 1040, U.S. Individual Income Tax Return, nor did she report any employment-related expenses on Form 1040, Schedule A, Itemized Deductions, (Schedule A).

On October 3, 2000, respondent issued to petitioner a notice of proposed changes (30-day letter), in which respondent proposed to deny petitioner's claimed Schedule C expense deductions and to increase petitioner's tax liability by $1,292, plus interest. Petitioner's first written response to respondent was a handwritten letter (first letter), dated October 3, 2000, stating, in part:

> On October 3, 2000, I spoke with * * * about the notice I received in the mail * * *. During our phone conversation he informed me on why the IRS had sent me this particular notice concerning my 1998 tax return.
> I, Jennifer Lynn Rusley, understand that my W2 income should be on line 7 and that my expenses should be on Schedule A via 2106.

Respondent received this letter on October 6, 2000. Petitioner then sent to respondent a handwritten note (second letter) that she wrote on a copy of the 30-day letter. The second letter

stated:

> These expenses [$6,918] are correctly reported on Sch.
> C because of my statutory employee status.  I travel as
> an outside sales person and my car expenses are shown
> as other income on the Sch. C.  I have requested a
> confirmation of my duties with my employer and should
> be receiving it shortly!  Please hold this file until I
> can get this confirmation.  I now feel that my income
> should not be on line 7!

Respondent received the second letter on December 13, 2000.

As suggested in her second letter, petitioner obtained another letter, dated January 11, 2001, and written by Chris Bastin, District Manager of the Tennessee Region for Arch Wireless (third letter).  The third letter purported to confirm petitioner's employment and stated, in part:

> The purpose of this letter is to verify that Jennifer
> Rusley worked for Arch Wireless as an Outside Account
> Executive from 7/15/97 to 10/9/98.  During this time
> Jennifer's responsibilities included outside business
> to business sales and service for new and existing
> customers.

Respondent received the third letter, but the record does not establish how or when petitioner transmitted the letter or the date of receipt by respondent.

On February 20, 2001, respondent issued a statutory notice of deficiency disallowing petitioner's Schedule C expense deductions.  On May 16, 2001, petitioner's representative, William De Montbreun, a certified public accountant, mailed a petition to this Court by certified mail.  Both petitioner and Mr. De Montbreun signed the petition, and it was filed on May 21,

2001. In her petition, petitioner contends that she is entitled to the Schedule C expense deductions because she is a statutory employee under section 3121(d)(3). At the time of filing, petitioner resided in Nashville, Tennessee.

Upon receipt of the petition this Court promptly informed William De Montbreun that he could not be recognized as counsel of record because he was not admitted to practice before the Tax Court and that all communication would be directed to petitioner. Respondent filed an Answer on July 17, 2001. Petitioner then sent a letter, dated July 18, 2001, to the Court affirming her petition. The Court treated the letter as an Amendment to Petition and filed it on July 23, 2001. Respondent then filed an Answer to Amendment to Petition on August 8, 2001.

After the issues had been joined, Appeals Officer Elaine Rhoton contacted petitioner to arrange for a conference and then met with petitioner's representative, Mr. De Montbreun. At this meeting on October 16, 2002, Appeals Officer Rhoton reviewed the information provided relating to petitioner's employment status during 1998, including a letter dated June 26, 2001, and written by Daryl Neville, Human Resources Representative of Arch Wireless (fourth letter). The fourth letter, which previously had not been shown to any representative of respondent, confirmed petitioner's employment and stated, in part:

> Jennifer Rusley * * * was employed by Arch Communications from July 15, 1997 through October 9,

> 1998.  During her employment with Arch, Jennifer held the position of Sales Executive in our Nashville, TN market.
>     Jennifer's responsibilities were to service existing business and to solicit new business in a defined territory within the Nashville area.  The position was a business to business sales position, compensated with a base salary plus monthly commissions.  Jennifer was engaged in travel within her assigned territory.
>     Jennifer sold Arch products and services, and received the commission portion of her pay based upon the revenue she derived for the company.

The fourth letter provided respondent with a basis for concession, and the parties entered into a settlement stipulation on October 24, 2001.  This Court's decision, pursuant to the agreement of the parties, that there is no deficiency in income tax due from petitioner was entered on October 26, 2001.

On January 18, 2002, petitioner filed a Motion for Administrative Costs, and the decision was vacated and set aside. On March 19, 2002, respondent filed an Objection to Motion for Administrative Costs.  On April 29, 2002, petitioner filed her Response to Respondent's Objection to Motion for Administrative Costs.

## Discussion

The prevailing party in an administrative proceeding may recover reasonable administrative costs.  Sec. 7430(a); Rule 231. A judgment for administrative costs incurred in connection with an administrative proceeding may be awarded if:  (1) The taxpayer is the "prevailing party"; (2) the taxpayer did not unreasonably

protract the administrative proceeding; and (3) the administrative costs are reasonable. Sec. 7430(a), (c)(4), (b)(3), (c)(2). A taxpayer is the prevailing party only if: (1) The taxpayer substantially prevailed with respect to the amount in controversy or as to the most significant issue or set of issues presented; (2) the taxpayer satisfies the applicable net worth requirement; and (3) the position of the United States in the proceeding is not substantially justified. Sec. 7430(c)(4)(A) and (B).

In this case, we first address the question, whether the position of the United States was substantially justified, because the other issues need not be considered if respondent has established that his position in the administrative proceedings was substantially justified.

Whether the position of the United States was substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as the legal precedents relating to the case. Pierce v. Underwood, 487 U.S. 552, 565 (1988). In deciding whether the Commissioner acted reasonably, this Court must "'consider the basis for the Commissioner's legal position and the manner in which the position was maintained'". Corkrey v. Commissioner, 115 T.C. 366, 373 (2000) (quoting Wasie v. Commissioner, 86 T.C. 962, 969 (1986)). The fact that the Commissioner concedes a case is not determinative of the

reasonableness of the Commissioner's position. See <u>Sokol v. Commissioner</u>, 92 T.C. 760, 767 (1989); <u>Wasie v. Commissioner</u>, <u>supra</u>. It is, however, "a relevant factor to consider in deciding the degree of the Commissioner's justification." <u>Corkrey v. Commissioner</u>, <u>supra</u> at 373.

We review the Commissioner's position as of the earlier of the date of the receipt by the taxpayer of the notice of decision by the Office of Appeals or the date of the notice of deficiency to determine whether respondent was substantially justified with respect to the recovery of administrative costs. Sec. 7430(c)(7)(B). Therefore, in the present case the relevant inquiry, with respect to the recovery of the administrative costs, is whether respondent had a reasonable basis for his position disallowing petitioner's Schedule C expense deductions at the time of the issuance of the notice of deficiency (February 20, 2001).

An individual's adjusted gross income (AGI) is an individual's gross income less specified deductions, including allowable deductions attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee. Sec. 62. Generally, miscellaneous itemized deductions, including business expenses under section 162, are deductible from an individual's AGI only to the extent that the aggregate of those

deductions exceeds 2 percent of the individual's AGI.  Sec. 67.

In this case, petitioner contends that her itemized deductions

for business expenses are not subject to the limitations imposed

by section 67 because, during the year in issue, with respect to

the amounts in issue, she was not an "employee" within the

meaning of section 62.

For purposes of employment taxes, an "employee" includes

"any individual who, under the usual common law rules applicable

in determining the employer-employee relationship, has the status

of an employee".  Sec. 3121(d)(2).  Common law employees are

described as follows:

> Generally such relationship exists when the person for
> whom services are performed has the right to control
> and direct the individual who performs the services,
> not only as to the result to be accomplished by the
> work but also as to the details and means by which that
> result is accomplished * * *.

Sec. 31.3121(d)-1(c)(2), Employment Tax Regs.  Although the

determination of employee status is to be made by common law

concepts, a realistic interpretation of the term "employee"

should be adopted, and doubtful questions should be resolved in

favor of employment.  Ewens & Miller, Inc. v. Commissioner, 117

T.C. 263, 269 (2001) (citing Breaux & Daigle, Inc. v. United

States, 900 F.2d 49, 52 (5th Cir. 1990)).

Also for employment tax purposes, an "employee" is:

> Any individual * * * who performs services for
> remuneration * * * as a traveling or city salesman * *
> * engaged upon a full-time basis in the solicitation on

behalf of, and the transmission to, his principal * * * of orders from wholesalers, retailers, contractors, or operators of hotels, restaurants, or other similar establishments for merchandise for resale or supplies for use in their business operations * * *.

Sec. 3121(d)(3)(D). An individual can be a "statutory employee" under section 3121(d)(3) only if that individual is not a common law employee under section 3121(d)(2). Ewens & Miller, Inc. v. Commissioner, supra. Generally, as statutory employees under section 3121(d)(3)(D), "City or traveling salesmen who sell to retailers or to the others specified, operate off the premises of their principals, and are generally compensated on a commission basis". Sec. 31.3121(d)-1(d)(3)(iv)(a), Employment Tax Regs.

A common law employee generally reports business expenses on Schedule A, subject to limitations under section 67, but a statutory employee under section 3121(d)(3)(D) is not an employee for purposes of section 62 and may deduct business expenses on Schedule C. See sec. 3121(d); see also Prouty v. Commissioner, T.C. Memo. 2002-175 (illustrating that a statutory employee may reflect business income and expenses in full on Schedule C); Lickiss v. Commissioner, T.C. Memo. 1994-103 (holding that the taxpayer was a common law employee and that any related business expenses were to be reported on Schedule A, subject to the limitations under section 67); Rev. Rul. 90-93, 1990-2 C.B. 33 (holding that a statutory employee under section 3121(d)(3) for employment tax purposes is not a common law employee for purposes

of section 62 and may deduct business expenses on Schedule C).

Respondent contends that his position disallowing petitioner's claimed Schedule C deductions was substantially justified during the administrative process. We agree. Petitioner filed her return, along with a Form W-2, listing income from USA Mobile. She also reported related business expense deductions on Schedule C. Petitioner has the responsibility to substantiate her status as a statutory employee so that she may report her deductions on Schedule C. See sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001); sec. 1.6001-1(a), Income Tax Regs. As a common law employee, petitioner generally would be required to report her employee business expense deductions on Schedule A. In the absence of further explanation on the return, or persuasive proof of petitioner's status as a statutory employee, respondent was reasonable to challenge petitioner's Schedule C expense deductions.

After respondent issued the 30-day letter, petitioner attempted to explain her filing position to respondent. Her explanations, though, were inconsistent and did not support her use of Schedule C. In the first letter, petitioner contradicted her filing position and stated that the Form W-2 income belonged on line 7 with related expenses on Schedule A. In the second letter petitioner reversed her argument again to affirm her

original filing position. She stated that the Form W-2 income did not belong on line 7 and that the expenses were properly reported on Schedule C. On its face this position is confusing and inconsistent. Petitioner also stated in the second letter that she would be forwarding to respondent a confirmation of her duties from her employer. Although petitioner obtained the third letter that purported to confirm her employment and to support her filing position, there is no evidence that respondent received this letter prior to the issuance of the notice of deficiency.[1]

Moreover, even if respondent had received the third letter before issuing the notice of deficiency, the third letter does not provide persuasive support for petitioner's contention. The third letter is written by a representative from Arch Wireless, but petitioner's tax return includes a Form W-2 from USA Mobile as her employer. The third letter merely states that petitioner was an outside account executive employed by Arch Wireless for part of 1998 and that her responsibilities included "outside business to business sales and service for new and existing

---

[1] Respondent states in the objection to motion, filed Mar. 19, 2002, that the letters dated Jan. 11, 2001, and June 26, 2001, from officials of petitioner's employer were first presented to a representative of respondent on Oct. 16, 2001. Appeals Officer Elaine Rhoton did not recall receiving any documents from petitioner prior to her meeting with Mr. De Montbreun on Oct. 16, 2001. The two letters were stapled together in the administrative file, and the Appeals Officer believes that they both were received at the same time.

customers." The third letter does not establish that petitioner performed all or substantially all her services off the premises of her employer and does not explain whether petitioner was paid by salary or commission or some combination of the two. The letter says nothing about the extent and nature of supervision of petitioner in her work for Arch Wireless. The third letter simply does not establish whether petitioner was a common law employee or was a statutory employee during 1998.

We conclude that respondent had a reasonable basis in fact and law for the position taken in the notice of deficiency. At the time of the issuance of the notice of deficiency, petitioner had not established her status as a statutory employee entitling her to report her business expense deductions on Schedule C. The fourth letter that petitioner ultimately presented to respondent confirmed the details that formed the basis of respondent's concession to settle this matter. Petitioner did not present the fourth letter until after respondent issued the notice of deficiency. Therefore, under the circumstances of this case respondent's position was substantially justified. Petitioner is not the prevailing party under section 7430 and is not entitled to an award of administrative costs.

To reflect the foregoing,

An appropriate order will be
issued denying petitioner's motion,
and decision will be entered in
accordance with the agreement of
the parties.